# Maxwell v. The State.

## Violating Prohibition Law.

(Decided February 4, 1915.  67 South. 771.)

1. *Witnesses; Impeachment; Interest.*—Where the question of the payment of witnesses was fully gone into on the cross and re-direct examination of the witnesses, it was not prejudicial error to exclude the fact that the principal witness against the defendant had been a witness against other persons in other cases instituted by the same concern, as the only bearing of such evidence was on the issue of whether such witness had been paid to testify.

2. *Same; Examination; Rebuttal.*—Where witnesses for the defendant, who was being prosecuted for a violation of the prohibition law, had testified that witnesses for the prosecution had stated that the prosecuting witness was paying ten dollars a head for turning up "blind tigers," and was promising better jobs, it was competent to show in rebuttal by the prosecuting witness that he had not paid or offered to pay that witness or any other witness any money or offered better jobs.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

John Maxwell was convicted of violating the prohibition law, and he appeals.  Affirmed.

It appears from the testimony that Abbott, the principal witness for the sate, Stone, and other witnesses,

were employed in the Profile Cotton Mills, and that the officers of the mill were endeavoring to break up tigers about it. Abbott had testified to purchasing liquor from the defendant, and other witnesses introduced by the defendant had stated that Abbott had told them that they were paying $10 a head for those who turned up tigers, and that Stone was the one authorizing the payment, and was also promising the ones a better job. Stone was permitted to testify in rebuttal that he had not paid or offered to pay Abbott, or any one else, any money or give them a better job for turning up tigers.

T. C. Sensabaugh, for appellant. No brief reached the Reporter.

Wm. L. Martin, Attorney General and T. H. Seay, Assistant Attorney General, for the State. Counsel discuss errors noted but without citation of authority.

PELHAM, P. J.—The fact that the witness Abbott had been a witness in other cases made by one Stone against other parties than the defendant could have no other bearing on the issues before the court than a purpose to show that the witness was paid, or had been promised pay, to testify in the case at bar, and the court permitted the defendant's counsel to ask the witness all questions on cross-examination reasonably calculated to have a tendency to elicit testimony on that subject. On redirect examination the matter was gone into fully, and the witness stated that he had received no pay or promise "in any way, shape, or form" if he would "testify or turn up a tiger." The various rulings of the court on admitting and rejecting the testimony of the witness Abbott were without error or abuse of discretion.

The questions asked the witness Stone by the solicitor on rebuttal and permitted by the court against the ob-

jection of defendant's counsel were proper, and the responsive answers given to them were relevant and admissible for the purpose of contradicting the evidence that had been brought out by the defendant. The evidence elicited was strictly in rebuttal of matters the defendant had previously introduced into the issues, and the court committed no error in permitting the questions to be answered.

No other question is presented other than those we have discussed.

Affirmed.